IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

QUAWNTAY ADAMS, et al.,

    Defendants.                                            Case No. 04-CR-30029-DRH

### ORDER

**HERNDON, District Judge:**

    This matter is before the Court on defendant Quawntay Adams' Motion to Continue Trial Setting (Doc. 262). The Government filed an opposing Response (Doc. 264), in light of the fact that Defendant had recently moved to dismiss Counts I and II of the Superseding Indictment on grounds that the Speedy Trial Act was violated (*see* Docs. 253, 260, 261).[1] Additionally, the Government argued that it has always made all of its discovery files available to Defendant's attorneys for review and has also provided discovery to Defendant on fourteen different occasions. However, the Government did not otherwise object to a continuance, but asks that Defendant himself state his consent and agreement to such continuance on the record. Therefore, also observing the need to make an adequate record, given the Defendant's objections to many of the previous continuances granted upon his

---

[1] A hearing was conducted on the Motion to Dismiss – the Court denied the Motion.

motions, the Court, on September 8, 2006, conducted a hearing on Defendant's most recent Motion to Continue (Doc. 262), as trial was set to begin September 11, 2006.

Defendant states that the reason he requests a continuance of the trial is because his attorneys have not had the chance to fully review the received discovery in order to adequately prepare his defense.  Defendant's attorneys also need to inspect all of the files made available for inspection by the Government in order to determine there is no further discovery that would aid in preparing Defendant's case.  Further, Defendant himself stated at the hearing that he required additional time to work with his attorneys to prepare his defense.  Defendant also expressed appreciation that his attorneys were communicating with him *prior* to requesting a continuance of the trial date, in order to be sure they had his consent.

During the hearing, the Court asked Defendant directly whether he agreed to this continuance of his trial date, given the fact that if a continuance was granted, the interim time would be excludable, thereby tolling the time under the Speedy Trial Act.  The Court specifically told Defendant that his trial would therefore not be able to start until the new trial date of March 12, 2007, which is the earliest the Court could schedule it, given the conflicts with defense counsel and government's counsel's docket. Defendant clearly stated on the record that he agreed to this continuance.

Considering whether to grant the continuance, the Court notes that this case has been ongoing for some time now and there is significant interest on behalf of the public and Defendant for it to be tried.  Nevertheless, the Court also realizes

that Defendant and his attorneys express concern that they would not be adequately prepared to present his defense as of the currently scheduled trial date of September 11, 2006. Allowing this trial to go forth, when Defendant has neither verified that it has all of the discovery from the Government that he needs nor fully prepared his defense, would result in a miscarriage of justice (as stated by the Court on the record). As Defendant's counsel was only recently retained a few months ago, the Court does not feel they have proceeded with any lack of due diligence, and therefore to deny Defendant the reasonable time necessary for effective preparation would be unreasonable and to do otherwise would result in a miscarriage of justice, just as it was unreasonable on prior occasions when the Court continued the case for similar reasons. Also, Defendant has expressly stated on the record that he agrees to a continuance of the trial until the next trial setting – March 12, 2007 – and agrees that the interim time will thereby be excludable under the Speedy Trial Act.

For the above state reasons, the Court finds that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendant in a speedy trial and to prevent a miscarriage of justice. Therefore, the Court **GRANTS** Defendant's Motion to Continue (Doc. 262). The Court **CONTINUES** the **JURY TRIAL** scheduled for Monday, September 11, 2006 at 9:00 a.m. to **Monday, March 12, 2007 at 9:00 a.m.** The time from the date the original Motion to Continue (Doc. 262) was filed, September 7, 2006, until the date to which the trial is rescheduled, March 12, 2007,

is **EXCLUDABLE TIME** for the purposes of speedy trial.

As an additional matter, during the hearing on Defendant's Motion to Continue, Defendant's counsel made an oral motion to reopen their Motion to Dismiss (Doc. 253) matter in order to supply the Court with supplemental case law regarding one of the arguments made in their Motion.  Therefore, the Court **GRANTS** this oral Motion to Reopen and allows both parties to file supplemental briefings as follows:

(1) Defendant shall file his Supplemental Brief to its Motion to Dismiss by **Monday, October 9, 2006.**

(2) The Government shall file its Response to Defendant's Supplemental Brief no later than **Monday, October 23, 2006**.

(3) Defendant shall file a Reply (if he so chooses) no later than **Monday, November, 6, 2006**.

**IT IS SO ORDERED.**

Signed this 8th day of September, 2006.

/s/     David RHerndon
**United States District Judge**