IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANGEL BUSTOS-AGUIRRE, et al.,

    Defendants.                                     No. 04-CR-30029-DRH

## ORDER

**HERNDON, District Judge:**

        Angel Bustos-Aguirre, who was a defendant in this criminal proceeding, has filed an Emergency Motion for Immediate Transfer of Custody (Doc. 288), requesting he be returned to the correctional facility in Texas where he was housed after being sentenced. Bustos-Aguirre plead guilty in this case as to Counts I and II of the Second Superceding Indictment (Doc. 193) and was thereby sentenced to 120 months on each of the two Counts, to be served concurrently (Doc. 222). Judgment was entered herein on May 15, 2006.

        In his Motion, Bustos-Aguirre states that he was transferred from the Texas correctional facility to the St. Clair County Jail in Belleville, Illinois, because he was going to testify in the trial of a co-defendant, scheduled for sometime in September, 2006. Since his transfer, said trial has been continued until March 12, 2007. The problem remains that Bustos-Aguirre is still being housed in the St. Clair County Jail, where, he claims, he is being treated inappropriately by prison officials.

While the Court regrets that extraneous circumstances have caused Bustos-Aguirre an extended tenure at St. Clair County Jail, it no longer has jurisdiction to order a transfer, as he has already been sentenced and committed to the custody of the United States Bureau of Prisons (*see* Doc. 222).  Further, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002)("The Court has considered the proposition that a prisoner in a more comfortable facility might begin to feel entitled to remain there throughout his term of incarceration.  The Court has concluded, nevertheless, that this expectation 'is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all.'")(quoting *Meachum v. Fano*, 427 U.S. 215, 228 (1976)).

If Bustos-Aguirre is the victim of certain civil rights violations, he will need to address his grievances through the prison administrative process and/or by filing a § 1983 complaint.  Accordingly, Bustos-Aguirre's Emergency Motion for Transfer (Doc. 288) must be **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED**.

Signed this 15th day of November, 2006.

/s/     David   RHerndon
**United States District Judge**